# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BRYAN BALDWIN                                                                                                                  PLAINTIFF

v.                                              2:18cv00071-KGB-JJV

OCIE BANKS, Sheriff,
Lee County; *et al.*                                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

I.     **INTRODUCTION**

Bryan Baldwin ("Plaintiff") is incarcerated at the Cross County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 2, 4.)  He alleges he was subjected to unconstitutional conditions of confinement during his incarceration at the Lee County Jail from September 2017 to February 2018, including no heat during the winter, no air conditioning during the fall, and a water leak in his cell, which caused him to fall and hurt his back.  (Doc. No. 4 at 4.)  His allegations against Jail Administrator Essie Clay are as follows:

> I'm wanting to sue Essie Clay because she is the Jail Administrator and it [is] her job to make sure everyone is safe, and the inmates living conditions are safe which she doesn't do.  Mrs. Clay ignores request[s] for interviews, grievances, she comes from ADC to the jail for about 15 minutes maybe once a day or maybe a couple times a week.  Mrs. Clay doesn't try to talk to anyone or anything.

(*Id*. at 5.)  Plaintiff further states the Lee County Jail is "on ADC property" and "ran by" Arkansas Department of Correction ("ADC") officials.  (*Id*.)  According to Plaintiff, "there's no county officials at this Jail ADC employees only that is why I'm suing Sheriff O.C. Banks and Jail Administrator Essie Clay." (*Id*.)

Now before the Court is Defendant Clay's Motion for Judgment on the Pleadings, contending Plaintiff's claims against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 23-24.) Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion should be GRANTED. Plaintiff's claims against Defendant Clay and this cause of action should be dismissed with prejudice.[1]

## II.     RULE 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim based on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] I also recommended granting Co-Defendant Banks' Motion to Dismiss (Docs. No. 19, 21.)

544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

### III. ANALYSIS

#### A. Official Capacity Claim

Ms. Clay is an employee of the Arkansas Department of Correction. (Doc. No. 24 at 1.) And as she correctly argues, it is settled law that official capacity claims for damages against a state employee is akin to a claim against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). So, it necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Here, Ms. Clay is undisputedly an employee of the ADC and, therefore, protected. It is, therefore, recommended that any claims for damages made against Defendant Clay in her official capacity be dismissed.

#### B. Injunctive Relief

Plaintiff is also not eligible for injunctive relief. Defendant Clay reports that Plaintiff is no longer at the Lee County Jail. (Doc. No. 24 at 4.) Therefore, any request for injunctive relief is moot regarding conditions in that unit. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding that a prisoner's requests for declaratory and injunctive relief were moot when he was no longer subject to the alleged unlawful conditions).

### C. Personal Capacity Claim

Ms. Clay contends she is entitled to qualified immunity on Plaintiff's claims against her in her personal capacity. (Doc. No. 24 at 4-6.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). Defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Id*. Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

Plaintiff's constitutional claims invoke the Eighth Amendment's prohibition against cruel and unusual punishments. The Constitution "does not mandate comfortable prisons"; it prohibits "inhumane ones." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials knew of and disregarded the risk. *Id*. Thus, Plaintiff must establish both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether Defendants acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (citing *Wilson*, 501 U.S. 294). Ms. Clay argues that Plaintiff has failed to meet the second prong of this test because he wholly failed to plead facts showing she knew of and disregarded an excessive risk to Plaintiff's health and safety. (Doc. No. 24 at 6.) After careful review of Mr. Baldwin's Amended Complaint, I agree.

Plaintiff has provided no facts to support an allegation that Ms. Clay was aware of any of the issues of Plaintiff's confinement and disregarded them. Plaintiff only says, "it [is] her job to make sure everyone is safe which she doesn't do." (Doc. No. 4 at 5.) He further explains that Ms. Clay ignores requests for interviews about grievances, does not spend sufficient time at the jail, and "doesn't try to talk to anyone or anything." (*Id.*) Additionally, liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff does not allege Defendant Clay was responsible for any of the conditions that allegedly injured him.

Plaintiff simply fails to allege any facts to show Ms. Clay violated his constitutional rights. Because Plaintiff has failed to allege any violation of his constitutional or statutory rights by Ms. Clay, she is entitled to qualified immunity and the personal capacity claim against her should also be dismissed.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Clay's Motion to Dismiss (Doc. No. 23) be GRANTED.

2. Plaintiff's claims against Defendant Clay, in both her personal and official capacities, be DISMISSED WITH PREJUDICE, and Defendant Clay be dismissed from this cause of action.

3. If the Recommendation for Defendant Banks is also adopted (Doc. No. 21), this cause of action should be dismissed.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of September, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE